**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

DEREK JULES HENDERSON,

      Plaintiff,

v.                                Case No. 8:08-cv-725-T-30TBM

PINELLAS COUNTY SHERIFF'S
OFFICE, et al.,

      Defendants.

_____/

## ORDER

Plaintiff, a prisoner currently confined at Pasco County Detention Center proceeding *pro se*,

initiated this cause of action by filing a prisoner civil rights complaint pursuant to 42 U.S.C. § 1983

(Dkt. 1).  On April 18, 2008, the Court dismissed Plaintiff's complaint for failure to state a claim

upon which relief can be granted, without prejudice to Plaintiff to file an amended complaint (Dkt.

3).  On May 8, 2008, Plaintiff filed his amended complaint (Dkt. 4).

The events about which Plaintiff complains occurred at the Pinellas County Jail (hereafter

"PCJ"). Plaintiff appears to name the Pinellas County Sheriff's Department, and three medical

providers at PCJ, Anne Doyle, the Director of Health Services, Mary Casp, a psychiatric nurse

practitioner, and Doctor Miller, a psychiatrist, as Defendants.

### Discussion

In his amended complaint, Plaintiff alleges that on July 11, 2007, he was arrested and held

at PCJ (Dkt. 4 at 8).  He brought his psychotropic medication with him, and during the initial health

screening he notified a nurse about his mental health condition (Id.).  However, he was not receiving his medication, and therefore, he submitted a medical request form asking why he was not receiving his medication (Id.).  His request form was never answered (Id.).

On July 26, 2007, Defendant Dr. Miller met with Plaintiff, and approximately one minute after speaking with Plaintiff, Dr. Miller determined that Plaintiff was not to receive his psychotropic medication (Id. at 8-9).  Subsequently, Plaintiff submitted requests to Dr. Miller and Defendant Doyle, but they ignored his requests (Id. at 9).

On August 15, 2007, Plaintiff had a "psychotic episode" and was placed on suicide watch for three days (Id.).  Dr. Miller met with Plaintiff during this three day period and told Plaintiff that he would not receive his medication and told him to "man up." (Id.).   On August 21, 2007, Defendant Casp, a psychiatric nurse practitioner, met with Plaintiff but ignored his request for his medication (Id.).  Finally, on September 20, 2007, Plaintiff was transferred to Pasco County Jail where he met with a psychiatrist who prescribed psychotropic medication for him (Id.).

Plaintiff claims Defendants "showed obvious indifference" to his "documented illness." (Id.).  He alleges that as a result of Defendants' actions, he was declared incompetent to stand trial which resulted in "about 6 months additional incarceration," and he endured "emotional pain and suffering and numerous physical side effects."  (Id.).  He asserts Defendants violated the American with Disabilities Act 42 U.S.C. § 12101, his "right to unimpeaded [sic] access to mental health care," and his right to be given proper medication and medical care - regardless of incarceration." (Id. at 8).  For relief, he seeks "$11,000.00 in lost wages during the six months I have been incarcerated due to being declared incompetent while I was denied my medication" and "$50,000.00

for the pain, suffering, and embarasment [sic] caused by the Sheriff's Office's [sic] wilfull [sic] disregard for my health and well being."  (Id. at 10).

**Americans With Disabilities Claim**

As stated in the Court's April 18, 2008 Order (Dkt. 3 at 3-4), Plaintiff has failed to state a claim under Title II of the Americans With Disabilities Act, 42 U.S.C. § 12101, et. seq. ("ADA"), because he has failed to allege that he was discriminated against *because of his disability*. Thus, to the extent that Plaintiff predicates any claims upon the application of the ADA, those claims are dismissed.

**Claims against Defendant Pinellas County Sheriff's Department**

Plaintiff names the Pinellas County Sheriff's Department as a defendant in this action. "Respondeat superior imputes to a county sheriff no liability under Section 1983 for injury caused by the sheriff's employees." *Greer v. Hillsborough County Sheriff's Office*, 2006 U.S. Dist. LEXIS 62081, 2006 WL 2535050, *3 (M.D. Fla. Aug. 31, 2006) (citing *Monell v. Dep't of Soc. Svcs.*, 436 U.S. 658, 691 (1978) ("a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents"). To maintain a claim for deliberarte indifference to a serious medical need against the Sheriff under § 1983, Plaintiff must show evidence of a constitutional violation caused by enforcement of a policy or custom of the Sheriff.  *McDowell v. Brown*, 392 F.3d 1283, 1289 (11th Cir. 2004).  A policy is "a decision that is officially adopted by the municipality, or created by an official of such rank that he or she could be said to be acting on behalf of the municipality." *Sewell v. Town of Lake Hamilton*, 117 F.3d 488, 489 (11th Cir. 1997).  A custom is "a practice that is so settled and permanent that it takes on the force of law." *Id*.  "It is only when the

'execution of the government's policy or custom … inflects the injury' that the municipality may be held liable." *City of Canton v. Harris*, 489 U.S. 378, 385 (1989).   "[T]o impose § 1983 liability on a municipality, a plaintiff must show: (1) that his constitutional rights were violated; (2) that the municipality had a custom or policy that constituted deliberate indifference to that constitutional right; and (3) that the policy or custom caused the violation.  *McDowell*, 392 F.3d at 1289 (citing *Canton*, 489 U.S. at 388).

Plaintiff has failed to allege or to set forth specific facts tending to establish that a policy or custom of the Pinellas County Sheriff's Department caused the alleged constitutional violation. Accordingly, the claims against Defendant Pinellas County Sheriff's Department will be dismissed.

ACCORDINGLY, the Court **ORDERS** that:

1.      Plaintiff's claims pursuant to Title II of the Americans With Disabilities Act, 42 U.S.C. § 12101, et. seq., are **DISMISSED** for failure to state a claim upon which relief can be granted.

2.      Plaintiff's claims against Defendant Pinellas County Sheriff's Department are **DISMISSED** for failure to state a claim upon which relief can be granted.

3.      Plaintiff must complete the enclosed forms:

**A.      Notice of Lawsuit and Request for Waiver of Service of Summons**

Plaintiff shall complete blanks A-F on the Notice of Lawsuit and Request for Waiver of Service of Summons Form.  Plaintiff shall write the <u>NAME AND ADDRESS</u> of the Defendant to whom the notice is to be sent in Blank A. <u>THE FORM WILL BE RETURNED IF PLAINTIFF DOES NOT FILL IN THE ADDRESS IN BLANK A.</u> Plaintiff should write in "30" in Blank F. <u>PLAINTIFF MUST SIGN</u>

<u>THE NOTICE OF LAWSUIT AND REQUEST FOR WAIVER OF SERVICE OF SUMMONS FORM.</u>  Plaintiff <u>should not</u> fill in the date in the line that reads: "I affirm that this request is being sent to you on behalf of the plaintiff, this _____ day of _____."

**B.      Waiver of Service of Summons**

Plaintiff shall write his name in the top blank of the form.  Plaintiff also shall complete the next four lines of the form: in the space marked "caption of action," Plaintiff should fill in the names of the parties as shown on the first page of this order (___ v. ___).  Plaintiff should <u>not</u> fill in the line marked "date request was sent" or any of the following lines on the form.

**C.      Summons and Marshal's Forms (Form 285)**

Plaintiff is required to fill in the name(s) and address(es) of Defendant(s) in the appropriate spaces on the summons and marshal's form. Plaintiff shall fill in "20" as the number of days allowed to answer.  <u>PLAINTIFF MUST SIGN THE 285 FORM.</u>

Plaintiff must then mail the completed forms and a copy of the complaint (3 total) for Defendants Miller, Doyle, and Casp to the Clerk's Office. The completed forms and the copies of the complaint must be returned to the Clerk's Office within **TWENTY (20) DAYS**[1] of the date of this Order.  Failure to return the completed forms and copy of the complaint within this time period will result in dismissal of the case for failure to prosecute, without further notice.  Plaintiff's failure to provide the Court with properly completed documents necessary to effect service will render the Court unable to meet its responsibility pursuant to 28 U.S.C. § 1915(d) regarding service of process.

---

[1]Plaintiff is cautioned that pursuant to Fed. R. Civ. P. 4(m), failure to perfect service within 120 days after the filing of the complaint without a showing of good cause for the delay may result in dismissal of the claims against the unserved defendant(s).

4.      Plaintiff shall advise the Court of any change of address.  Failure to do so will result in the case being dismissed for failure to prosecute.

5.      The **Clerk of the Court** shall forward three sets of the Notice of Lawsuit and Request for Waiver of Service of Summons, Waiver of Service of Summons, and Summons and Marshal's Forms (Form 285) to Plaintiff.

**DONE** and **ORDERED** in Tampa, Florida on May 19, 2008.

_____

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:sfc

Copies furnished to:
*Pro se* Plaintiff

6